IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


UNITED STATES OF AMERICA           )
                                   )
                                   )
VS.                                )          Criminal No. 4:00CR40009-002
                                   )
                                   )
BRANDON STEWART                    )


**ORDER**

Before the Court is a Motion to Modify Sentence filed on behalf of the Defendant

Brandon Stewart.  (Doc. No. 158).  In the motion, Defendant asks the Court to modify his federal

sentence to run concurrently with the state sentence he is presently serving in the Arkansas

Department of Corrections.

Defendant Brandon Stewart was indicted on June 28, 2000, for distributing cocaine base

within 1000 feet of a school in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 860.  On

October 18, 2000, he entered a plea of guilty to the charge.  On January 24, 2001, Defendant was

sentenced to a term of ninety-two (92) months imprisonment in the Bureau of Prisons to be

followed by six (6) years of supervised release.  One of the conditions of Defendant's supervised

release was that he would refrain from any unlawful use of a controlled substance.   On August

17, 2006, Defendant was released from federal custody and began serving his term of supervised

release.

On December 14, 2006, the Defendant tested positive for the use of marijuana.  On

January 4, March 13, April 29, June 3, and July 23, 2007, Defendant again tested positive for

marijuana use.  On August 14, 2007, as a result of Defendant's ongoing use of illegal drugs, the

United States Probation Office petitioned the Court to revoke Defendant's term of supervised

release.  On August 31, 2007, the Court held a hearing on the requested revocation.   Counsel

was appointed to represent the Defendant at the Revocation Hearing.  At the hearing, the

Defendant admitted to the allegations contained in the petition to revoke.  Thereafter,

Defendant's supervised release was revoked and, on September 6, 2007, he was sentenced to

twelve (12) months and one (1) day imprisonment in the BOP.  Defendant was ordered to self-

surrender to the BOP on October 10, 2007, to begin serving his revocation sentence.

On September 12, 2007, prior to his report date, Defendant was arrested by the State of

Arkansas on drug possession charges.  He is currently serving a fifteen (15) year sentence in the

Arkansas Department of Corrections on these state charges.  When the Defendant did not report

to the BOP as ordered, the United States Marshal Service filed a federal detainer with the State

requesting that after the Defendant serves his state sentence he is detained and delivered to the

BOP to serve his federal sentence.  Defendant is now before the Court requesting that his federal

sentence be allowed to run concurrent with the fifteen (15) year state sentence he is now serving.

District courts have broad discretion to determine whether a sentence will run

consecutively or concurrently with a yet-to-be imposed state sentence.  *United States v. Mayotte,*

249 F.3d 797, 799 (8th Cir. 2001).  However, their power to revise such a sentence after it is

imposed is much more limited.  *United States v. Gurski,* No. 08-1453, 2009 WL 777964, *1 (8th

Cir. March 26, 2009)(unpublished per curiam)(citing *Fegans v. United States,* 506 F.3d 1101,

1104 (8th Cir. 2007)).  Under 18 U.S.C. § 3582(c), a court may not modify a term of

imprisonment once it is imposed except on motion of the Director of the BOP, under limited

circumstance that are not applicable here, or under Rule 35 of the Federal Rules of Criminal

Procedure.  Rule 35(a) provides that a court may correct an arithmetical, technical, or other clear error in a sentence within 7 days of the announcement of that sentence.  However, once that seven day period ends, a court lacks jurisdiction to correct even a legally erroneous  sentence. *United States v. Austin,* 217 F.3d 595, 597 (8th Cir. 2000).  Rule 35(b) provides that a court may reduce a sentence only on motion of the government based upon substantial assistance provided by the Defendant after his sentence.  Neither provision of Rule 35 applies here.  Accordingly, the Court does not have the authority to modify Defendant's federal sentence in this case.

In such circumstances, a defendant must serve his federal sentence after his state sentence ends, unless the BOP exercises its statutory authority under 18 U.S.C. § 3585(a) and designates the state prison as the defendant's place of federal confinement.  *See Fergans,* 506 F.3d at 1104-05.  The effect of such a *nunc pro tunc* designation is to make the defendant's federal sentence concurrent to his later-imposed state sentence.  Therefore, Defendant's only recourse in this case is to ask the appropriate Bureau of Prisons Regional Director to designate the Arkansas Department of Corrections as his place of federal confinement.

Accordingly, for the foregoing reasons, the Court finds that Defendant Brandon Stewart's Motion to Modify Sentence should be and hereby is **denied.**

IT IS SO ORDERED, this 8th day of May, 2009.

/s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge